## LEWIS TAYLOR *v.* OLIVER SUTTON.

An attorney at law has no authority to accept service of petition; but where he has done so, his authority will be presumed, unless denied by the oath of the party, and the testimony of a witness, showing that he was employed in the case, will be proof of the authority.

A new trial should not be granted, unless substantial justice requires it; and an application for a new trial should show due diligence in preventing the causes which render a new trial necessary.

APPEAL from the District Court of Bienville, *Bullard,* J. *T. Vaughn,* for plaintiff. *Gibson* and *Lawson,* for defendant. The judgment of the court was pronounced by

PRESTON, J. This suit was instituted in the parish of Claiborne, in August, 1848. On the back of the petition the following endorsement was made: "I hereby waive service of the within petition and citation, and time. Claiborne, July 10, 1848. (Signed) D. L. EVANS, attorney for defendant."

At a term of the district court for the parish of Claiborne, in November, 1848, judgment by default was entered in the case. The record was transferred to the district court of the parish of Bienville, on its creation. On the 11th of June, 1850, *F. M. Gibson, Esq.,* had his name stricken from the docket as defendant's counsel. A few days afterwards, the judgment by default was confirmed and made final. The following motion was made for a new trial; the facts being sworn to by the defendant: "*Lewis Taylor* v. *Oliver Sutton.* In the district court of the parish of Bienville. And now comes the defendant and represents to the court, that he has been informed that a judgment was rendered against him in the above entitled cause. He avers, that he never was cited in said cause; and that he never authorized *David L. Evans,* or any other attorney at law, to acknowledge service or waive citation in said cause; that he did not believe that the plaintiff could proceed to judgment in said cause, without having him cited; that he learned, some time since, that the suit had been filed, but did not believe the plaintiff could proceed against him, until he was cited; that, at the present term of the court, he employed an attorney at law to defend him, if the suit was tried; that he informed his attorney that he had not been cited to answer in said cause; that his attorney informed him, that the plaintiff could not proceed with said suit, until he was cited to answer the same. (Signed.) GIBSON and A. LAWSON, for defendant."

The Code of Practice provides, "that the defendant may waive the service of the petition, provided the defendant, or his attorney, certify in writing, and under his signature on the back of the original delivered to the clerk, that he acknowledges that the petition has been duly delivered to him. The unauthorized acts of a licensed attorney, may be disavowed by him for whom he purports to act; but the disavowal will not prevail, if there be reason to believe that the acts were authorized. *Mr. Vaughn* swears, that *D. L. Evans* was employed as counsel by the defendant; that the defendant told him he had

employed *Mr. Evans*, before the suit was filed, in presence of *Mr. Evans* and himself; that *Mr. Evans* is an attorney at law, and examined the transcript on which the suit was brought. At the same time, he says, *Mr. Evans* has never appeared in court in the suit since it has been transferred to Bienville.

The improbability of the attorney accepting service of the petition, without being employed by the defendant, when fortified by this testimony, which is not substantially contradicted, leads us to believe that the act of the attorney in controversy was authorized, by his employment as attorney in the case. We think, too, immediate steps should have been taken to counteract the effects of his acts as soon as discovered, if unauthorized. The defendant heard of the pendency of the suit some time before the judgment was made final; employed another attorney, who, of course, examined the record, and might have had the waiver of service of petition and citation set aside as unauthorized. No such step was taken by the defendant, or *Mr. Gibson*, his attorney. Two years elapsed before the plaintiff availed himself of the acknowledgment of service of the petition. He would be injured if the disavowal of the authority of defendant's attorney should be admitted on light grounds after such a lapse of time. The disavowal, too, should have some useful object. The defendant does not show, by his application for a new trial, or his affidavit, that he has a just defence against the suit. It is brought upon a judgment rendered in the State of Florida, in favor of the plaintiff against the defendant. He does not show, by his affidavit, that the judgment was not rendered against him, or that it has been satisfied. A new trial should be granted only when substantial justice requires it. This is the jurisprudence of the Code of Practice, and of the decisions on the subject; and the application should show due diligence in preventing the causes which render a new trial necessary.

The judgment of the district court is affirmed, with costs.